Reginald C. HOWARD, Plaintiff—
Appellant,

v.

Gary HILL; et al., Defendants—
Appellees.

No. 04–16120.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 21, 2005.

Reginald C. Howard, Indian Springs, NV, pro se.

Daniel Wong, Esq., Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Reginald C. Howard appeals pro se from the district court's judgment dismissing his entire action for failure to exhaust administrative remedies as to Count II of his civil rights complaint. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's determination that a prisoner failed to exhaust available administrative remedies de novo and review its findings of fact for clear error. *Ngo v. Woodford*, 403 F.3d 620, 622 (9th Cir.2005). We reverse and remand.

Defendants concede that Howard's right to receive responses to prison grievances had been terminated by the time of the alleged conduct giving rise to Count II of Howard's complaint. We are not persuaded by defendants' contention that Howard was nonetheless required to file a grievance because his right to *file* grievances had not been terminated. A prisoner's obligation to exhaust available remedies pursuant to 42 U.S.C. § 1997e(a) persists only so long as some *remedy* is available. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir.2005) ("a prisoner need not press on to exhaust further levels of review once he has ... been reliably informed by an administrator that no remedies are available"). We conclude that Howard satisfied the exhaustion requirement as to Count II because no relief was "available" where prison officials stated that they would not respond to any grievances Howard filed. *See id.* at 937–40.

Accordingly, we reverse the district court's judgment and remand for consideration on the merits of all counts in Howard's complaint.

**REVERSED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.